1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERRY LEE OAKLEY, | Case No. 2:16-05986 R (ADS) |
| Petitioner, | |
| v. | ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |
| DEBBIE ASUNCION, Warden, | |
| Respondent. | |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the First Amended Petition

for Writ of Habeas Corpus [Dkt. No. 26], all the records and files herein, along with the

Report and Recommendation dated July 30, 2019 of the assigned United States

Magistrate Judge [Dkt. No. 38], and Petitioner's Motion for Relief from Order (hereafter

referred to as "Objections") constructively filed September 16, 2019 [Dkt. No. 41]. [1] The

---

[1] The Court construes Petitioner's Motion for Relief from Order [Dkt. No. 41], as
his objections to the Report and Recommendation.

1  Court has engaged in a de novo review of those portions of the Report and

2  Recommendation to which objections have been made.

3      In his Objections, Petitioner concedes that habeas relief is not warranted under

4  Ground Three of the First Amended Petition.  [Dkt. No. 41, p. 4].  Petitioner states no

5  objection to that portion of the Report and Recommendation.  [Id.].  However,

6  Petitioner also moves the court to reinstate two grounds that Petitioner previously

7  voluntarily withdrew, specifically Grounds One and Two.  [Dkt. No. 41].

8      Petitioner fails to establish adequate grounds for this court to reinstate Grounds

9  One and Two.  On his own accord, upon receipt of the Respondent's Return to the First

10  Amended Petition, Petitioner voluntarily withdrew Grounds One and Two.  [Dkt.

11  No. 36].  Now, citing Federal Rule of Civil Procedure 60(b)(1), he asks the Court to

12  reinstate them, "as a result of Petitioner's [] neglect, mistake, [and] inadvertence,"

13  because "as a lay person he couldn't discern the connection between SB 1437 changes in

14  Penal Code § 188, and his federal claims of insufficiency of evidence of implied malice."

15  [Dkt. No. 41, p. 2–3].  However, Rule 60 applies to final judgments, orders, and

16  proceedings *of the court*, and is inapplicable to Petitioner's voluntary decisions.  In

17  short, Petitioner asks the Court to remedy the effects of a litigation decision that he now

18  regrets.  Even were Rule 60 to apply, Petitioner's regret alone is insufficient.  See

19  Latshaw v. Trainer Wortham & Co., 452 F.3d 1097, 1101 (9th Cir. 2006) ("Rule 60(b)(1)

20  is not intended to remedy the effects of a litigation decision that a party later comes to

21  regret.").

22      Furthermore, this case was filed three years ago in August 2016.  The First

23  Amended Habeas Petition was filed in December of 2017.  This case is aged and ready

24  for decision.  Nevertheless, Petitioner now asks the Court to stay the case because an

1 appeal is pending in the California Court of Appeal. [Dkt. No. 41, p. 2]. Petitioner,

2 therefore, admits that he has not fully exhausted all of his claims in the state courts,

3 which is a prerequisite to federal habeas relief. 28 U.S.C. § 2254(b)(1)(A). For all of

4 these reasons, the court declines to exercise its discretion to reinstate Grounds One and

5 Two.

6      Accordingly, IT IS HEREBY ORDERED:

7      1.     The United States Magistrate Judge's Report and Recommendation, [Dkt.

8            No. 38], is accepted;

9      2.     The case is dismissed. Grounds One and Two of the Petition are dismissed

10            without prejudice. Ground Three is dismissed with prejudice; and

11      3.     Judgment is to be entered accordingly.

12

13 DATED: September 25, 2019

14                            HONORABLE R. GARY KLAUSNER
                            United States District Judge

15

16

17

18

19

20

21

22

23

24